UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DR. ARTUR GUZHAGIN and LORING PARK CHIROPRACTIC CLINIC, | Civil No. 07-4650 (JRT/FLN) |
| Plaintiffs, | |
| v. | **ORDER AFFIRMING WITH MODIFICATION THE ORDER OF THE MAGISTRATE JUDGE** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

Jay D. Olson and Lawrence H. Crosby, **CROSBY AND ASSOCIATES**, 2277 Highway 36 West, Suite 234E, St. Paul, MN 55113-3830, for plaintiffs.

Tamara L. Rollins, Katherine A. McBride, and Leatha G. Wolter, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for defendant.

This case is before the Court on defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to modify a protective order issued in a case brought by plaintiffs Dr. Artur Guzhagin and Loring Park Chiropractic Clinic (collectively, "plaintiffs"). In an Order dated August 27, 2008, United States Magistrate Judge Franklin L. Noel granted State Farm's motion. Plaintiffs now object to the Order. After reviewing the Order for clear error, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(a), the Court affirms the Order, as modified, for the reasons set forth below.

## BACKGROUND

Plaintiffs originally brought this case alleging that State Farm refused to pay insurance claims for medical treatment incurred by plaintiffs' patients. Plaintiffs brought claims for breach of contract, defamation, tortious interference with contract, product disparagement, and negligence. On July 24, 2008, this Court granted State Farm's motion for summary judgment as to all five claims.

Some of the patients who received treatment from Loring Park Chiropractic Clinic now seek payment from State Farm in no-fault arbitration proceedings to cover their expenses. As a result of those proceedings, State Farm seeks to modify a Protective Order that was stipulated to by the parties during discovery. That order states that "confidential information shall be used solely for the preparation for trial and for the subsequent trial of this action or in connection with any other judicial proceedings relating to the subject matter of this litigation." (Docket No. 41.) This protected confidential information includes "financial records and patient treatment and billing records."[1] (*Id.*)

State Farm filed the instant motion in an effort to use Dr. Artur Guzhagin's deposition testimony and Dr. Charles DuVall's expert reports during no-fault arbitration proceedings, which are ongoing. State Farm argued that no-fault arbitrations are judicial

---

[1] In the context of the motion to modify the stipulated protective order, the confidential information at issue is plaintiffs' financial information and plaintiffs' patients' confidential medical information.

proceedings under the Protective Order,[2] and alternatively argued that good cause supports modification of the Protective Order.

The Magistrate Judge granted State Farm's motion, finding that good cause supported modification of the Protective Order. The Order further directed that State Farm "shall seek confidentiality orders in the arbitration proceedings." (Docket No. 95.) Plaintiffs now object to that order on the grounds that the Magistrate Judge failed to specify what good cause warranted the modification of the Protective Order, did not properly weigh competing interests of the parties to the original action, and failed to adequately protect the privacy interests of disinterested third parties.

## DISCUSSION

### I.    STANDARD OF REVIEW

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). A motion to modify a protective order is nondispositive and therefore the Court will only "modify or set aside . . . the Magistrate Judge's order [if it is] found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Local Rule 72.2(a).

### II.   GROUNDS FOR MODIFYING A PROTECTIVE ORDER

A district court has the power and the discretion to lift or modify a protective order, but "[t]he party seeking to modify the protective order bears the burden of showing

---

[2] Neither party objected to the Magistrate Judge's assumption that arbitrations are not judicial proceedings, and the Court therefore does not address the issue here.

good cause for the modification." *Medtronic, Inc. v Boston Scientific Corp.*, No. Civ. 99-1035, 2003 WL 352467, at *1 (D. Minn. Feb. 14, 2003) (citing *SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002)).  When a party to a *stipulated* protective order seeks to modify that order, "that party must demonstrate particular good cause to obtain relief."  *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992).

Plaintiffs contend that the Magistrate Judge failed to specify what "good cause" warranted the modification of the Protective Order and did not properly weigh competing interests of the parties to the original action.  (Docket No. 96 at 1-7.)  State Farm responds by arguing that the subject matter of Dr. Guzhagin's deposition testimony and Dr. DuVall's expert report are directly relevant to the underlying arbitration claims and potential defenses.  (Docket No. 84 at 4-6.)  State Farm also claims that if the Court does not grant their motion, it will be forced to engage in repetitive, expensive discovery.  That is, State Farm contends that for each separate arbitration, it will have to seek discovery of the protected information already established in the Guzhagin deposition testimony and the DuVall expert report.  (*Id.* at 6.)  That repetition, State Farm argues, is contradictory to the goal of judicial economy and is thus good cause for modification.

The Court first finds that the DuVall report and Guzhagin testimony have significant relevance to the pending no-fault arbitration hearings.  The key issues underlying the arbitration claims are that of the reasonableness and necessity of the disputed chiropractic expenses.  Where Dr. Guzhagin's testimony addresses patient

examinations, treatment, and billing, that testimony is likely to be probative in the arbitrations.

Courts outside this circuit have noted a "sufficient need for modification . . . to avoid duplicative discovery when parties in other litigation seek to obtain discovery in concluded litigation." *SmithKline Beecham Corp. v. Synthon Pharms., Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002). *SmithKline* cautions, however, against modifying protective orders "in a controversy with which [the Court] is not familiar and over which it lacks control." *Id.* Because State Farm would have to seek a subpoena from an arbitrator in each case for the sought-after discovery materials, State Farm would incur significant costs to obtain what is otherwise available through modification of the Protective Order. Moreover, the Court is very familiar with the controversy in the no-fault arbitrations because the Court has adjudicated the prior, related dispute between plaintiffs and State Farm. Further, by virtue of modifications to this Order, outlined below, the Court maintains a significant degree of control over the release and use of discovery information. State Farm has therefore satisfied its burden by demonstrating compelling need for modification.

The clear error standard of review is highly deferential, and under these circumstances, the Court finds that the Magistrate Judge did not err in finding good cause to modify the Protective Order. In order to ensure the protection of private information disclosed in the Guzhagin testimony and DuVall report, prior to the no-fault arbitration hearings,

1) State Farm must obtain confidentiality orders before it may introduce into evidence or use the deposition testimony or expert reports that are the subject of this modification request;

2) The confidentiality orders must provide for the protection of all private information including, but not limited to, redaction of names, birth dates, Social Security numbers, and federal identification numbers; and

3) Use of the expert reports and deposition testimony must be limited to the no-fault arbitration hearings and may not be used for any purpose outside of or after the conclusion of the no-fault arbitration hearings.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs Dr. Artur Guzhagin and Loring Park Chiropractic Clinic's Objections to the Order of the Magistrate Judge [Docket No. 96] are **OVERRULED**. The Magistrate Judge's Order dated August 26, 2008 [Docket No. 95] is **AFFIRMED as modified above**.

DATED: February 5, 2009　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge